IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MURRAY and NINA MURRAY, | : |
| Plaintiff, | : |
| v. | : 3:19-CV-228 |
| | : (JUDGE MARIANI) |
| DOWNS RACING, LP, t/d/b/a MOHEGAN SUN AT POCONO DOWNS, and MOHEGAN COMMERCIAL VENTURES, PA, LLC | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

On February 8, 2019, Plaintiffs James Murray and Nina Murray initiated the above-captioned Complaint arising out of injuries sustained by Mr. Murray as a result of a slip and fall at Mohegan Sun Pocono on February 17, 2018. (Doc. 1-3). Plaintiffs' Complaint alleges a count of Negligence against Defendant Downs Racing, LP ("Downs Racing") (Count I) and a count of Negligence against Mohegan Commercial Ventures PA, LLC ("Mohegan Ventures") (Count III) and a count of Loss of Consortium by Mrs. Murray against both Downs Racing (Count II) and Mohegan Ventures (Count IV).

On March 24, 2020, this action was re-assigned to the undersigned following the passing of the Honorable James M. Munley. Trial is currently scheduled to commence on August 2, 2021. (Doc. 63).

Presently before the Court are the following *in limine* motions by Plaintiffs:

1. Plaintiffs' Motion in Limine to Preclude Evidence of Mr. Murray's Alleged Motivation for Bringing the Instant Lawsuit (Doc. 42);

2. Plaintiffs' Motion in Limine to Preclude Testimony, Evidence, or Argument about Mr. Murray's Prior Episode of Syncope and Vertigo (Doc. 49).

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted.* . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Here, Plaintiffs' first motion in limine requests that this Court preclude evidence of Mr. Murray's alleged motivation for bringing the present action. (Doc. 42). In support of this motion, Plaintiffs state that "[a]t least one of the people" deposed by the Defendants who was in Mr. Murray's "friend group" on the evening of the slip and fall, "testified that [Murray] had financial motivations underpinning his decision to file the instant lawsuit." (Doc. 42, at ¶¶ 14-15). Plaintiffs contend that the testimony of this individual, Anna Zittle, "was not premised on a conversation she had directly with Mr. Murray" but instead "was based on things other people had told her." (*Id.* at ¶ 16). Plaintiffs argue that "[t]estimony regarding Mr. Murray's motivations for filing the instant lawsuit should be precluded as irrelevant and unduly prejudicial" and that "Ms. Zittle's testimony regarding Mr. Murray's motivation should

3

likewise be precluded because it constitutes hearsay for which there is no applicable exception." (*Id at* ¶¶ 17,18).

Plaintiffs have also filed a motion requesting that testimony, evidence, or argument about Mr. Murray's prior episode of syncope and vertigo be precluded (Doc. 49). Plaintiffs' Motion states that Mr. Murray's medical records indicate that he has experienced "at least one prior episode of syncope – or fainting, and has been diagnosed with vertigo in the past." (Doc. 49, at ¶ 15). Mr. Murray asserts that this episode of syncope was the result of an incident when he was hit in the head with a baseball when he was 10 years old. (*Id.* at ¶ 16). Plaintiffs argue that Defendants should be precluded from introducing evidence with respect to this diagnosis of syncope and vertigo and from arguing that Mr. Murray's fall at the Breakers Bar was the result of his "fainting spells". (*Id.* at ¶¶ 18-19).

Both of Plaintiffs' Motions *in Limine* discussed herein include a Certificate of Concurrence stating that Defendants' counsel concurs in the motion (Doc. 42, at 5; Doc. 49, at 5) and Defendants did not file a brief in opposition or other response to either of these motions by Plaintiffs.

Despite Defendants' concurrence as to both *in limine* motions, the Court will only grant Plaintiffs' Motion in Limine to Preclude Testimony, Evidence, or Argument about Mr. Murray's Prior Episode of Syncope and Vertigo (Doc. 49). With respect to Plaintiffs' Motion in Limine to Preclude Evidence of Mr. Murray's Alleged Motivation for Bringing the Instant Lawsuit (Doc. 42), the Court will reserve ruling. Here, the Court cannot know at this stage

4

what witnesses might be called by Defendants and whether such witnesses' testimony would survive objection as to hearsay, relevance, and the Rule 403 balancing test.[1] Plaintiffs' request that the Court preclude evidence of Mr. Murray's alleged motivation for bringing this action is premature and requires this Court to engage in pure speculation as to what a witness may, or may not, personally know or may have personally heard from one of the plaintiffs.

**ACCORDINGLY, THIS** _12th_ **DAY OF JULY, 2021**, upon review of Plaintiffs' Motion in Limine to Preclude Evidence of Mr. Murray's Alleged Motivation for Bringing the Instant Lawsuit (Doc. 42) and Plaintiffs' Motion in Limine to Preclude Testimony, Evidence, or Argument about Mr. Murray's Prior Episode of Syncope and Vertigo (Doc. 49), **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion in Limine to Preclude Evidence of Mr. Murray's Alleged Motivation for Bringing the Instant Lawsuit (Doc. 42) is **RESERVED UNTIL TIME OF TRIAL**.

---

[1] For example, it is possible that Defendants may produce one or more witnesses whose testimony as to any alleged motivation on the part of the Murrays for bringing the present action would be admissible as non-hearsay under Federal Rule of Evidence 801.

2. Plaintiffs' Motion in Limine to Preclude Testimony, Evidence, or Argument about Mr. Murray's Prior Episode of Syncope and Vertigo (Doc. 49) is **GRANTED**.[2]

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

---

[2] In granting Plaintiffs' motion, the Court reminds the parties that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial," *Ohler*, 529 U.S. at 758 n.3. This is particularly so where the Court has not yet seen any of the evidence or heard any testimony. Thus, should a party believe that the evidence presented at trial provides a basis for re-visiting the grant of this motion in limine, it shall timely raise this issue.